**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN SIU, | No. 10-16022 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00386-BMK |
| v. | |
| KANTHI DE ALWIS; THE CITY AND COUNTY OF HONULULU; WILLIAM W. GOODHUE; ALICIA KAMAHELE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Submitted February 14, 2012[**]
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

Susan Siu appeals a summary judgment in favor of the defendants in her

action for damages, which combined claims under 42 U.S.C. § 1983, Title VII, and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Hawaii Whistleblower Protection Act, H.R.S. § 378-62. The district court granted summary judgment on her § 1983 claim and her state-law claim, and conducted a six-day jury trial on her Title VII claim, which ended in a defense verdict. We affirm the judgment.

Siu was employed by the Medical Examiner's Office of the City and County of Honolulu. Her immediate supervisor was Kanthi De Alwis, the Chief Medical Examiner and a named defendant. Relations between the two women deteriorated. In July 2005, Siu filed a state worker's compensation claim that alleged "inappropriate treatment from a supervisor." In September 2005, an Equal Opportunity Officer encouraged Siu to take a paid administrative leave to remove herself from an allegedly hostile work environment. She took the leave, and the record does not show that she ever returned to work. Her hostile work environment claims were disposed of in her jury trial.

The district court granted summary judgment on all three of Siu's retaliation claims because she failed to present evidence that her employer had committed an adverse employment action. Siu argued that an ethics complaint filed by her coworkers constituted an adverse employment action, but the district court concluded that an employer is not liable for retaliatory harassment by an employee's coworkers. Recognizing that an employer could be liable if the

2

employer's encouragement or toleration of harassment could rise to the level of an adverse employment action, the court held that Siu had not presented evidence that her employer encouraged the complaint by fellow workers against Siu. That ruling is supported by the record. "The non-moving party must establish the existence of a genuine factual dispute on the basis of admissible evidence; bare allegations without evidentiary support are insufficient to survive summary judgment." *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1033 n.14 (9th Cir. 2008).

The record indicates that the district court went to great lengths not to punish Siu for her lawyer's ineptitude in presenting evidence or a coherent theory of her claims. For example, the order denying Siu's motion for reconsideration stated that, "[a]lthough many of Plaintiff's arguments are convoluted and overlapping, the Court will address each claim upon which Plaintiff moves for reconsideration in turn." The district court then carefully analyzed each claim.

After trial, the district court issued an order granting in part the defendants' bill of costs. On appeal, Siu's opening brief does not address the costs order except in a summary conclusion that "all post trial orders concerning costs [should] also be overturned, and the case should be remanded for a new trial." She may have intended to appeal the adverse judgment and cost bill in her jury trial, but she

3

failed to present any assignments of trial error. That appeal appears to have been abandoned.

The judgment is AFFIRMED.